**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:	12-cv-00737-WJM-KMT

DR. GEORGIA HICKS,
MS. TING TING CHAN-BURFORD,

                Plaintiffs,

    v.

COMMUNITY EDUCATION CENTERS, INC.,
d/b/a CHEYENNE MOUNTAIN RE-ENTRY CENTER,

                Defendant.

---

**JOINT PROTECTIVE ORDER**

---

      Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

      1.    This Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, deposition exhibits and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

1

3. A party may designate as "CONFIDENTIAL" any document or portion of a document that is confidential and implicates common law and statutory privacy interests of the parties, either of them, their employees or representatives, or their other policyholders or other customers. 45 C.F.R. § 164.508 (prohibiting disclosure of medical information of patients); C.R.S. § 25-1-1202 (providing an index to all Colorado laws regarding medical record confidentiality); 15 U.S.C. § 6801 *et seq.* (providing that financial institutions have an affirmative and continuing obligation to respect the privacy of their customers and to protect the security and confidentiality of those customers' nonpublic personal information); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 720-21 (Colo. 1999) (recognizing the confidentiality of employee information); Fed. R. Civ. P. 26(c)(1)(G) (recognizing that trade secrets and commercial information may be subject to a protective order).

4. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case. No person receiving such CONFIDENTIAL information shall, without the consent of the party producing it or further Order of the Court, directly or indirectly, transfer, disclose, or communicate in any way the contents of the CONFIDENTIAL information to any person other than those specified in Paragraph 5. Each party shall use appropriate safeguards to protect CONFIDENTIAL information of other parties or third-parties from being disclosed in a manner that would be inconsistent with this Protective Order.

5. Access to any CONFIDENTIAL information shall be limited to:

    a. attorneys actively working on this case;

      b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by those attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      c.    the agents or employees of the parties, who are needed for preparation, trial or other proceedings in this case;

      d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      e.    Court Personnel;

      f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g.    deponents, witnesses, or potential witnesses; and

      h.    other persons by written agreement of the parties.

6.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. No party shall publicly file or otherwise publicly disclose transcripts, or portions thereof, within thirty (30) days after notice by the court reporter of the completion of the transcript without conferring with all interested parties whose CONFIDENTIAL information may be contained in the transcript.

9. Any party who inadvertently fails to identify documents as CONFIDENTIAL at the time of their production shall provide written notice of the error and substitute copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such substituted documents shall return to the producing party or destroy all inadvertently produced confidential documents in its possession that lack the appropriate confidentiality designation and shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10. If a party inadvertently discloses CONFIDENTIAL information of another party to this action to anyone other than the persons set forth in Paragraph 5, counsel for the party that

made the inadvertent disclosure shall notify the opposing party's counsel of record, or the third party, of the inadvertent disclosure and make reasonable efforts to retrieve the CONFIDENTIAL information and any documents containing such CONFIDENTIAL information and to obtain the agreement of persons to whom the inadvertent disclosure was made to treat the CONFIDENTIAL information in accordance with the terms of this Protective Order.

11.     Local Rule 7.2 shall govern the filing of papers under seal.

12.     The parties shall follow the procedures identified in Federal Rule of Civil Procedure 5.2(a) and (h).

13.     In the event of a hearing or trial in this matter at which any party intends to present CONFIDENTIAL information to the Court or a jury, counsel for the parties will confer to determine what safeguards, if any, may be necessary to protect against the disclosure of the CONFIDENTIAL information, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the parties shall take appropriate steps to have the Court incorporate in the pretrial order such procedures to the extent, if any, the Court deems such procedures to be appropriate.

14.     A party designating information as CONFIDENTIAL may change the designation to non-confidential by providing notice to the receiving parties and providing substituted documents without a Confidential designation.

15.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order no later than fifteen (15) business days after the time the notice is received.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

16. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party or nonparty that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

18. The Stipulating Parties, by their undersigned counsel, stipulate and consent to making an entry of this Protective Order.

19. The foregoing STIPULATED PROTECTIVE ORDER is ADOPTED and ENTERED as an ORDER of the Court.

DATED at Denver, Colorado, this 7th day of August, 2012.

BY THE COURT:

_____
United States Magistrate Judge

*s/ Katherine Roush*
Joseph Zonies, Esq.
Katherine Roush, Esq.
REILLY POZNER LLP
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Tel: (303) 893-6100
Email: jzonies@rplaw.com
       kroush@rplaw.com

-and-

David J. Dansky, Esq.
1601 Blake Street, #500
Denver, CO 80202
Tel: (303) 825-2222
Email: david@djdanskylaw.com

*Attorneys for Plaintiffs*

*s/ Joshua Bugos*
Susan S. Sperber, Esq.
Joshua F. Bugos, Esq.
ROTHGERBER JOHNSON & LYONS LLP
1200 17th Street, Suite 3000
Denver, CO 80202
Tel: (303) 623-9000
Email: ssperber@rothgerber.com
       jbugos@rothgerber.com

*Attorneys for Defendant*