**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0737-WJM-KMT

DR. GEORGIA HICKS, and
MS. TING-TING CHAN-BURFORD,

    Plaintiffs,

v.

COMMUNITY EDUCATION CENTERS, INC., d/b/a CHEYENNE MOUNTAIN RE-ENTRY CENTER,

    Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE TRIAL

---

Plaintiffs Dr. Georgia Hicks and Ms. Ting-Ting Chan-Burford (together "Plaintiffs") bring this action against their former employer Defendant Community Education Centers, Inc. d/b/a Cheyenne Mountain Re-entry Center ("Defendant"). Before the Court is Defendant's Motion to Bifurcate Trial ("Motion"). (ECF No. 36.) For the reasons set forth below, the Motion is granted.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 42(b), a district court has broad discretion to order separate trials. *See United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010). The Court may order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize, . . . " Fed. R. Civ. P. 42(b). Doing so, however, is an abuse of

discretion if it is unfair or prejudicial to a party.  *See Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

## II.  ANALYSIS

In this case, the Court finds that separate trials are warranted because Plaintiffs' respective claims are separable and because trying them in a single proceeding will likely confuse the jury and unduly prejudice Defendant.  *See Palace Exploration Co. v. Petroleum Development Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003) (bifurcation of issues not an abuse of discretion if interests advanced by Rule 42(b) favor separation of issues and the issues are separable) (citation omitted); *York v. AT & T*, 95 F.3d 948, 957-58 (10th Cir. 1996) ("Such decisions [on bifurcation] must be made with regard to judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury.").

The Court acknowledges there are some similarities between the Plaintiffs' respective claims.  Plaintiffs are both suing their former employer for discrimination they allegedly suffered while working at the same location during roughly the same period. One of the main perpetrators of the harassment is the same for both Plaintiffs and their ultimate supervisor was the same person (though Dr. Hicks had an intermediate supervisor as well).

However, the Court finds that the differences in Plaintiffs' claims predominate over the commonalities.  Plaintiffs were employed in different positions and by different divisions within Defendant's facility.  Though both Plaintiffs bring claims for failure to promote, they were not applying for the same position or even the same type of

2

position.  (Am. Compl. ¶ 160.) Moreover, the position Dr. Hicks applied for was filled by

a Hispanic woman while Ms. Chan-Burford's position was filled by a man.  (ECF No. 36

at 5.)  Most importantly, the manner in which their employment ended was different:  Dr.

Hicks was terminated after refusing to teach a training class, while Ms. Chan-Burford

resigned her position.  The disparate nature of their separations results in each Plaintiff

having different causes of action.  Dr. Hicks alleges that being asked to teach the

training, and subsequently fired for refusing, was retaliation for an earlier EEOC charge

that she had filed.  (Am. Compl. ¶¶ 183-189.)  Ms. Chan-Burford has no retaliation

claim and instead alleges constructive discharge.  Thus, the Court finds that Plaintiffs'

claims, while having some overlap, are separable, which weighs in favor of severance.

*See Palace Exploration*, 316 F.3d at 1119.

Additionally, the Court finds that permitting Plaintiffs' claims to be tried together

would unfairly prejudice Defendant.  There is a high probability that each Plaintiffs'

claims would be given greater credibility tried together than if they were tried separately.

While this would always be prejudicial to an employer, it is unfairly prejudicial in this

case because there is little evidence that either Plaintiff was aware of the allegedly

hostile work environment that the other was facing.  A plaintiff claiming hostile work

environment can only rely on evidence "relating to the harassment of which she was

aware during the time that she was allegedly subject to a hostile work environment."

*Hirase-Doi v. U.S. West Comm'ns.*, 61 F.3d 777, 782 (10th Cir. 1995) (abrogated on

other grounds).  Because neither Plaintiffs' Complaint nor their Opposition to the Motion

for Summary Judgment allege that Ms. Chan-Burford was aware of any sex or race

related comments made to Dr. Hicks, or vice versa, evidence of comments made to Dr.

3

Hicks are not admissible with respect to Ms. Chan-Burford's hostile work environment claims unless Ms. Chan-Burford was aware of the same.  If the Court were to permit Plaintiffs' claims to be tried together, the jury would obviously hear all of the evidence, which would significantly and unfairly prejudice Defendant.

In sum, the Court finds that the prejudice Defendant would suffer if Plaintiffs' claims are tried together outweighs the inconvenience to the witnesses and judicial economy of having one trial.

Accordingly, the Court ORDERS as follows:

1.      Defendant's Motion to Bifurcate Trials (ECF No. 36) is GRANTED.  The Court will hold two separate jury trials, each of 4 days in length, on the claims of Plaintiffs Dr. Georgia Hicks and Ms. Ting-Ting Chan-Burford;

2.      A 4-day jury trial of Dr. Hick's claims is hereby set to commence at 8:00 a.m. on March 31, 2014.  The Final Trial Preparation Conference will be held at 2:00 p.m. on March 14, 2014;

3.      A 4-day jury trial of Ms. Chan-Burford's claims is hereby set to commence at 8:00 a.m. on April 28, 2014.  The Final Trial Preparation Conference will be held at 10:00 a.m. on April 11, 2014;

4.      Counsel are directed to this Court's Revised Practice Standards (as revised effective December 1, 2012)  to ensure compliance with all deadlines triggered by the dates of the Final Trial Preparation Conference and Trial.

Dated this 14th day of June, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge